RECEIVED
DEC 1 0 2015
DEBORAH S. HUNT, Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Carlos A. Rosado, §
§
    Appellant, §
§
v. §   Appeal No.: #-153730
§
Ralph Hanson, Warden §
§
    Appellee, §
§
--------------------------------- §

### TRAVERSE TO GOVERNMENT'S MOTION IN OPPOSITION TO APPELLANT'S OPENING BRIEF

COMES NOW, Carlos A. Rosado, hereinafter "Appellant" and answers the Government's reply. Admittedly, Appellant's brief filed in District Court lacked style points, however, it is because "he proceeds pro se, that his allegations are construed to be true and held to a less stringent standard." **Urbina v. Thomas**, 270 F. 3d 292, 295. Although the court holds a pro se prisoner to a less stringent standard, it still may dismiss the petition at any time if the Petition fails to establish adequate grounds for relief. **Hilton v. Braunskill**, 481 U.S. 770, 775 (1987). It is hard to imagine that a violation of Due Process, no matter how inartfully pleaded could be ruled in the interest of justice on the basis of "some evidence." What does some evidence constitute in the face of being denied the ability to call witnesses. The matter begins with a cellphone found in an "commom area." The government

states that: "Here, the DHO found that there was some evidence to connect Rosado to the cellular telephone during a search of Rosado's living area, a cellular telephone was found attached to the metal underside of the bottom bunk in the living area." (R. 4 Mem. in Supp. Attach. 1 App. DHO Report Page 10 # 38-39). The DHO applied the concept of constructive possession and found "Rosado and his bunkmate were equaley responsible for the telephone because the telephone was found in the common area of their living space and no one took responsibility for it" (Id.) It seems apparent that a cellphone was found in a "common area". The Government speaks of living area, however, it must be noted that this living area was an "open dorm."

"The proposition that constructive possession provides "some evidence" of guilt when contraband is found where only a few inmates have access is unproblematical." **Hamilton v. O'Leary**, 976 F. 2d 341, 345 (7th Cir. 1992) This matter sui juris is problematical because there were literally "hundreds" of inmates that could have had access to this telephone. There was not one scintilla of evidence introduced that Appellant used the cellularphone, touched the cellular phone or even knew of the cellular phone. Absent the "[c]concept of constructive possession, there simply is not one iota of evidence to support a violation of code 108 whereby Petitioner could lose good time credits (GTC) or even remotely deserve such. The Government does not introduce any evidence to rebut Petitioner's affidavit and an unrebutted affidavit stands as truth in commerce. At no time has the Governemnt addressed one line item of Petitioner's claims.

Petitioner additionally relies on **Delgado v. Wilson**, U.D. 147711, E.D.

of VA. (2011) whereby constructive possession as "some evidence of guilt only when relatively few inmates have access to the area." Petitioner alleged that over "150 inmates" had access to the area.

Accordingly, the question now is can the Appellant stand convicted of "constructive possession" where so many other inmates could have had accessed the area? More importantly, can Petitioner stand convicted when all the other inmates were not convicted as "similarly situated persons" as an "[e]qual protection claim under the 14th Amendment while denied the Due Process of Law?

It is because the Government has failed to address Petitioner's affidavit that his claims must stand as truth and it is because constructive possession is only a concept that, respectfully, this Honorable Court should remand the matter back to the District Court with instructions to hold an evidentiary hearing whereby he be allowed to call witnesses with the powers of subpeona duces tecum.

Dated the the 8th day of December, 2015.

---------------------------------
Carlos A. Rosado, Appellant, Pro Se
Registration #: 03119-104
FCI-Elkton
P.O. Box 10
Lisbon, Ohio 44432

(Page 3 of 3)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| Carlos A. Rosado, | § |
| Appellant | § |
| v. | §  Appeal #: 15:3730 |
| Ralph Hanson, Warden | § |
| Appellee | § |

CERTIFICATE OF SERVICE

On the 8th day of December, 2015, I did place a true and accurate copy of this Traverse to Governemnt's reply in the United States Mail, postage prepaid, for delivery to the Clerk of Court, 6th Circuit of Appeals, with a copy to the Office of United States Attorney, 400 United States Court House, 801 W. Superior Ave., Cleveland, Ohio 44432.

Carlos A. Rosado, Appellant, Pro Se
Registration #: 03119-104
FCI-Elkton
P.O. Box 10
Lisbon, Ohio 44432



FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX
LISBON

THIS CORRESPONDENCE WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS NEITHER BEEN OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSED CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.